IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Francisco Carrion-Perez, | Case No. 8:22-cv-03130-DCC-JDA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| United States, | |
| Defendant. | |

Plaintiff, a federal inmate proceeding pro se, brought this action on September 12, 2022, pursuant to the Federal Tort Claims Act ("FTCA").[1]  [Doc. 1.]  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.  Upon review, the Court concludes that the case should be transferred to the District of Puerto Rico.

## BACKGROUND

Plaintiff commenced this action by filing a two-page, hand-written document in which he claimed he wished to file suit under 31 U.S.C. § 3723.  [Doc. 1.]  He claimed that he "has suffered a life long injury as a result of negligence" and has "had surgery in the past and requires more surgery in the future."  [*Id.* at 1.]  He requested damages of $150,000 and demanded that "the stairs on the van be modified as to avoid these types of unnecessary incidents."  [*Id.* at 1–2.]  He attached a document showing an inmate to staff

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  Accordingly, this action was filed on September 12, 2022.  [Doc. 1-2 at 2 (envelope marked as received by the prison mailroom on September 12, 2022).]

message from Plaintiff and the response. [Doc. 1-1 at 4.] The message states in relevant part:

> On September 10, 2018, [Plaintiff] was being returned to MDC Guaynabo from Hospital de Trauma in Rio Piedras, [Puerto Rico,] traveling in an Official Van with officers Cruz and Masallo.
>
> On [that day Plaintiff] was [b]eing returned to MDC Guaynabo, . . . as he was attempting to exit the vehicle. [He] was han[d]cuffed and leg shackled as well as chained at his waist. As he attempted to step down the [v]an [s]tairs, the leg shackle chain got stuck in the grooves or empty spaces in the second stair causing [Plaintiff] to [lose] his balance and fall[,] unable to break his fall due to the handcuffs. The fall caused [Plaintiff] a fracture to his right leg along with tremendous pain up until his surgery. The pain killers administered to [Plaintiff] at MDC Guaynabo . . . had no [effect] on him.
>
> [Plaintiff] believes that had the [v]an stairs been solid without the empty spaces or grooves then the shackles chain would not have gotten jammed or caught [in] the stair. He would not have suffered this unnecessary incident.
>
> [Plaintiff] has [filed] a Cop-Out form directed to the safety official suggesting that the stairs on the [v]an be modified as to avoid these types of incidents in the future. (see electronic cop-out inmate computer).
>
> Having openings on the loading stairs of a transport vehicle when inmates in shackles must use these stairs to enter and exit the vehicle is carelessness. For this reason [Plaintiff] believes that there was a great factor of negligence on behalf of the MDC personnel.

[*Id.*]

On September 20, 2022, the Court directed Plaintiff to bring this case into proper form by filing the appropriate information and paperwork, including a properly completed complaint on the standard court form. [Doc. 5.] Thereafter, Plaintiff filed a standard court form for a "Complaint for Violation of Civil Rights (Prisoner Complaint)." [Doc. 1-3.] On

that form, Plaintiff complained that, after his fall, none of the officers gave him any help, and he was denied appropriate medical treatment. [*Id.* at 5–6 ("I went down face first of[f] the bus and broke my ankle and none of the officer[s] help[ed] me at all.  Then when the [lieutenant] came, they took me back to the unit, and no medical person[ne]l [came to] see me, after two days lat[]er.  At the Hospital they did surgery [on] my right ankle and the doctor sa[id] that I need another surgery.").]  As his injuries, he alleged that he broke his right ankle and had surgery on the ankle but the medical department has not given him pain medication, an ankle brace, or a needed second surgery. [*Id.* at 6.]  For his relief, Plaintiff demanded $150,000. [*Id.*]

Liberally construing Plaintiff's filings, the Court construes both the original handwritten document [Doc. 1] and the standard court form [Doc. 1-3] together as the Complaint filed in this matter.  As such, the Court construes the Complaint as alleging both a claim concerning the use of poorly designed steps (the "Steps Claim") and a claim concerning the medical treatment he received after the fall (the "Medical Claim").

## DISCUSSION

Because federal district courts are vested with the inherent power to control and protect the administration of court proceedings, *see White v. Raymark Indus.*, 783 F.2d 1175, 1177 (4th Cir. 1986), a district court has the power to consider sua sponte whether venue is proper, *Emrit v. Grammy Awards*, No. 3:23-cv-04032-DCC, 2023 WL 7037522, at *1 (D.S.C. Oct. 26, 2023).  Furthermore, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The FTCA provides federal district courts with jurisdiction to hear civil claims against the United States for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" under circumstances when a private person would be liable for that conduct under the law of the place where the act or omission occurred.[2]  28 U.S.C. § 1346(b)(1).  A claim under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the FTCA or omission complained of occurred."  28 U.S.C. § 1402(b).

Most circuits have concluded that a prisoner's residence for purposes of § 1402(b) is where he resided before he was incarcerated.  *McQueen v. United States*, No. 5:19-cv-131, 2019 WL 4439118, at *2 (N.D. W. Va. July 8, 2019) (noting circuit split regarding whether a prisoner's place of incarceration is his place of residence), *Report and Recommendation adopted by* 2019 WL 3428548 (N.D. W. Va. July 30, 2019).  Here, Plaintiff has not alleged where he resided before his incarceration.  Because he has not alleged that he resided in South Carolina before his incarceration and because the events

---

[2] The Court notes that Defendant has filed a motion to dismiss, contending that the Court lacks subject-matter jurisdiction because Plaintiff failed to exhaust his administrative remedies before filing this action. [Doc. 31 at 5–9 (citing 28 U.S.C. § 2675(a) (providing that under the FTCA, "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency").] Defendant bases its argument on its construction of Plaintiff's Complaint as asserting only the Medical Claim, which it argues Plaintiff failed to include in his administrative tort claim at the agency level. [*Id.*] However, as stated, the Court construes the Complaint as alleging the Steps Claim as well.  Thus, even if Defendant is correct that the Plaintiff failed to exhaust the Medical Claim, that would not deprive the Court of subject-matter jurisdiction over the entire action.

underlying his claim had no connection to South Carolina, the Court concludes that venue is not proper in South Carolina.

The Court concludes that the most appropriate venue in this case is the District of Puerto Rico, where the events underlying Plaintiff's claims occurred, and that the interests of justice support transferring the case there. *See id.* (transferring an FTCA claim to the district wherein the events underlying the plaintiff's claim occurred when the inmate-plaintiff had not indicated where he resided before being incarcerated); *Lindsey v. United States*, No. 2:06-cv-33, 2006 WL 2060651, at *2 & nn. 1–2 (N.D. W. Va. July 21, 2006) (same, noting that 28 U.S.C. § 2401(b) provides "a six-month statute of limitations for raising FTCA claims in the district court after the claim has been denied by the appropriate agency" and that if the court were to dismiss the case for improper venue, even without prejudice, the plaintiff's claims would likely be time-barred if he attempted to refile his case); *see also Myrick v. United States*, 723 F.2d 1158, 1159 (4th Cir. 1983) ("In actions brought under the FTCA, federal courts apply the substantive law of the state in which the act or omission giving rise to the action occurred."). The Court therefore recommends that this case be transferred to that district.[3]

---

[3] Even if venue were proper in this District, the Court would recommend that the case be transferred to the District of Puerto Rico under 28 U.S.C. § 1404(a). That section provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs.*, 791 F.3d 436, 444 (4th Cir. 2015). "District courts within this circuit consider four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Id.* Here, it appears that Plaintiff chose to file this case in this District only because he was incarcerated here at the time he filed it. However, his address has changed since the initiation of this action, and his new address is in New Jersey. [Doc. 40.] Given that the

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that this case be transferred to the District of Puerto Rico.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

November 13, 2023
Greenville, South Carolina

---

actions underlying this case took place in Puerto Rico, and the case will be governed by Puerto Rico's substantive law, *see Myrick*, 723 F.2d at 1159, the Court concludes that the factors would favor transferring the case to the District of Puerto Rico.