THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Francisco Carrion-Perez,

*Plaintiff*,

v.

United States of America,

*Defendant*.

Civ. No. 24-01031 (MAJ)

**OPINION AND ORDER**

**I.    Introduction**

Plaintiff, Francisco Carrion-Perez, ("Plaintiff") a federal inmate, filed this action *pro se* on September 12, 2022, under the Federal Tort Claims Act seeking redress for alleged negligence against Defendant, the United States of America by way of the Federal Bureau of Prisons ("Defendant"). (**ECF No. 1**).[1]

Before the Court is Defendant's Motion to Dismiss (**ECF No. 31**) and Plaintiff's Opposition thereto. (**ECF No. 37**). Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) challenging the Court's subject-matter jurisdiction based on non-exhaustion of administrative remedies.

After careful consideration of the parties' submissions and the relevant legal authorities, the Court **DENIES** Defendant's Motion.

**II.   Factual Background**

Plaintiff initiated this suit under 31 U.S.C. 3723 for personal injuries claimed to have occurred on September 10, 2018, due to alleged negligence by Bureau of Prisons staff and faulty equipment. (**ECF No. 1 at 2**). He asserts that during transport to the

---

[1]    Plaintiff is also proceeding in forma pauperis. (**ECF No. 15**).

Metropolitan Detention Center in Guaynabo, Puerto Rico, his leg shackles snagged on van stairs, leading to a fall that fractured his right ankle, necessitating surgery with more expected. (**ECF No. 1-3 at 6**). Claiming to have exhausted all his administrative remedies under the ("FTCA") prior to bringing his action to federal court, he seeks $150,000 in damages for his pain, suffering, and medical needs, and requests modifications to the van to prevent future accidents. (**ECF No. 1 at 2**; **ECF No. 1-1 at 3, 4**; **ECF No. 1-3 at 4-7**).

Plaintiff also claims the neglect of his medical needs by facility staff violated his rights under 42 U.S.C. § 1983. These include ignored requests for pain management and a second surgery, which exacerbated his physical pain and caused depression. (**ECF No. 1-3 at 5-7**). Plaintiff alleges his grievances went unanswered at the Metropolitan Detention Center, compelling him to seek legal redress. (**ECF No. 1-3 at 5; ECF No. 1-3 at 9**).

### III. Procedural Background

This matter initially appeared before the United States District Court for the District of South Carolina.[2] In a Report and Recommendation issued on November 13, 2023, United States Magistrate Judge Jacquelyn D. Austin recommended the transfer of this matter to the District of Puerto Rico. (**ECF No. 41**). Specifically, the Report and Recommendation concluded the District of Puerto Rico would be "the most appropriate venue in this case" given that is "where the events underlying Plaintiff's claims occurred, and [] the interests of justice support transferring the case there." (**ECF No. 41 at 5**). Neither party objected to the R & R.

---

[2] Case No. 8:22-cv-03130-DCC-JDA.

Following a "review for clear error of the record," the Court issued an Order adopting the Magistrate Judge's recommendation that the District of Puerto Rico is the proper venue for this case. (**ECF No. 50**).

In support of transferring Plaintff's case to a different district court, the Order cited, 28 U.S.C. § 1406(a) which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (**ECF No. 50 at 3**). The Court also referenced 28 U.S.C. § 1402(b), which states in part, that a claim under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the FTCA or omission complained of occurred." *Id*. Accordingly, on January 23, 2024, the case was transferred to the District of Puerto Rico. (**ECF No. 53**).

## IV. Discussion

With this background in mind, this Court is faced with Defendant's pending Motion to Dismiss. Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), challenging the Court's subject-matter jurisdiction and the sufficiency of the claim, respectively. (**ECF No. 31**). The core of Defendant's argument rests on the non-exhaustion of administrative remedies under the FTCA by Plaintiff. In advocating for this position, Defendant draws upon precedential decisions from the United States Court of Appeals for the Fourth Circuit and district court decisions under its ambit. *Id*.

However, as the instant matter is no longer before the District of South Carolina, Defendants' well-supported Motion is no longer under the scrutiny of the District of South Carolina or the Fourth Circuit. As the Magistrate Judge aptly put it, "[g]iven that the

actions underlying this case took place in Puerto Rico, [] the case will be governed by Puerto Rico's substantive law." (**ECF No. 41 at 5-6**).

Moreover, under Section 1406(a), the transferee court should apply whatever law it would have applied had the action been properly commenced there. *See Gerena v. Korb*, 617 F.3d 197 (2d Cir. 2010) ("If a district court receives a case pursuant to a transfer under 28 U.S.C. § 1406(a), for improper venue . . . it logically applies the law of the state in which it sits, since the original venue, with its governing laws, was never a proper option."); *see also Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007) (cleaned up) ("[w]hen cases have been transferred for improper venue, transferee courts generally apply the substantive law they would have applied had the action been brought there initially."); *Wye Oak Tech., Inc. v. Republic of Iraq*, 557 F. Supp. 3d 65, 78 (D.D.C. 2021) (same). Accordingly, this matter now appearing in the District of Puerto Rico, as the transferee court, applies the law "it would have applied" had this action been properly commenced here. *See Gerena v. Korb*, 617 at 197. Defendant has not offered any justification otherwise, and this Court will not cobble together rationale and relevant authority for doing so. *See Greenwood v. Peacock*, 384 U.S. 808, 828 (1966), ("it is the responsibility of counsel, not the courts, to formulate the legal framework within which the case is to be decided.").

Accordingly, in the absence of pertinent legal authority, Defendant's Motion to Dismiss fails to anchor their arguments to legal authority tailored to this District and the Circuit in which it sits.³ Therefore, Defendants' Motion is **DENIED**.⁴

---

3    Local Rule 7(a) specifically requires that "all matters to be submitted for consideration by the court shall be presented by written motion file with the clerk, incorporating a memorandum of law as appropriate, including citations and ***supporting authorities***." Local Rule 7(a) (emphasis added). *Estancias de Cerro Mar, Inc. v. Puerto Rico Aqueduct & Sewer Auth*., 20-cv-1664, 2023 WL 8006585, at *2 (D.P.R. Nov. 17, 2023). Accordingly, the Court expects the parties to strictly adhere to the Local Rules moving forward.
4    While the Court denies Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) at this juncture, it is important to note pursuant to Rule 12(h)(2) and Rule 12(h)(3), Defendant retains the

## V. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss pursuant Fed. R. Civ. P. 12(b)(1) is **DENIED** *without prejudice*. (**ECF No. 31**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of March 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**

---

right to raise certain defenses or challenge the Court's subject-matter jurisdiction at a later stage in the proceedings. Therefore, should Defendant wish to challenge this Court's jurisdiction or the sufficiency of the claim under the precise and applicable legal framework of this jurisdiction, they may submit a new motion in accordance with the authoritative framework pertinent to the District of Puerto Rico. This allowance is not to suggest the merits of any future motion, but merely to indicate that such procedural opportunities exist under the Federal Rules of Civil Procedure.